UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **Robert Johnson**, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>v.<br><br>**Schneider National, Inc.,** a Wisconsin Corporation.<br><br>                  Defendant. | No. _____<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Robert Johnson ("Plaintiff"), individually and on behalf of all other persons similarly situated (the "Collective Members"), sue the Defendant, Schneider National, Inc. ("Schneider" or "Defendant") and alleges as follows:

### PRELIMINARY STATEMENT

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2. Plaintiff, and the Collective Members are current and former employees of Schneider. Plaintiff brings this action on behalf of himself and all similarly-situated current and former Drivers[1] (also referred to as the "Covered Positions") of Schneider who we paid a flat daily rate during orientation and training, as described further herein, and as a result, were not paid all minimum and overtime wage as required by the FLSA.

---

[1] For the purposes of this Complaint, "Drivers" is exclusively a job title used for the purpose of classifying the putative collective of similarly situated individuals, is not necessarily the job title of Plaintiff and the putative collective, and has no bearing or relation to any specialization, skill, educating, training, or other qualification that might otherwise be associated with such a job title.

1

3. The Collective Members are all current and former Drivers, or other similarly titled employees, who were employed by Schneider at any time starting three years before this Complaint was filed, up to the present.

4. Under the FLSA, employers must pay all non-exempt employees a minimum wage of $7.25 per hour for all hours worked and an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. By paying Plaintiff and the Collective Members a flat daily rate during training, Schneider failed to pay Plaintiff and the Collective Members at least $7.25 per hour for all hours worked and failed to pay Plaintiff and the Collective Members one and one half times their regular rate of pay for hours worked in excess of forty hours in a given workweek. Plaintiff therefore brings this Collective Action Complaint pursuant to 29 U.S.C. § 216(b) for Schneider's violation of federal law as detailed further below.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because Schneider is headquartered in Green Bay, Wisconsin, and the strategic company-wide decision to pay Plaintiff and the Collective Members as alleged herein was made within the Eastern District of Wisconsin.

7. Schneider regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

8. Plaintiff, and the Collective Members in their work for Schneider were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

2

## FACTUAL ALLEGATIONS

9. At all times material to the matters alleged in this Complaint, Plaintiff Robert Johnson was an individual residing in Cuyahoga County, Ohio, and is a current employee of Defendants.

10. Schneider is a publicly traded company that provides transportation and logistics services for shippers and carriers across the country. Schneider is a Wisconsin corporation and is headquartered in Green Bay, Wisconsin.

11. Schneider hired Plaintiff to become a Driver on or about April 18, 2021. As a condition of Plaintiff's employment, Plaintiff was required to complete an immersive orientation and training process at a Schneider facility dedicated to such training located in Indianapolis, Indiana.

12. Upon information and belief, Schneider trains Drivers across the country at similar dedicated training facilities, including facilities located in North Carolina and Arkansas.

13. Plaintiff began his training and orientation with Schneider in a class of approximately thirty (30) new-hires. Upon information and belief, Schneider begins new orientation and training sessions every week at each of their dedicated training facilities. Each new-hire, including Plaintiff, spends approximately six (6) weeks in Schneider's orientation and training program.

14. Rather than paying Plaintiff and the other new-hire Drivers an hourly wage, Schneider paid Plaintiff and the Collective Members a daily rate of $80.00 per day for the entirety of the orientation and training program.

15. Plaintiff and the Collective Members spend approximately three (3) full weeks at Schneider's dedicated training facilities. During this first three weeks, Plaintiff and the

Collective Members are required to complete rigorous coursework. During the first three weeks, Plaintiff and the Collective Members are required to stay at a hotel located nearby the Schneider facility. After their coursework, orientation and training tasks on any given day, Plaintiff and the Collective Members are expected and required to spend time studying Schneider materials in their rooms to prepare for required tests and quizzes.

16. During the last three weeks of the orientation and training program, Plaintiff and the Collective Members leave Schneider's dedicated training facility and begin drive-along training. Schneider will assign one or two new-hire Drivers to a commercially licensed driver ("CDL") also employed by Schneider. At this point, Plaintiff and the Collective Members only have their permits, so they cannot perform any driving without being in the presence and under the supervision of a CDL.

17. During the last three weeks of orientation and training, Plaintiff and the Collective Members become part of a two- or three-person crew, one member of which must be a CDL, which makes regional shipments for Schneider. During this drive-along training, Plaintiff and the Collective Members check in to motel and hotel rooms for approximately six to eight hours at the conclusion of each day. Plaintiff and the Collective Members then wake up the next day and continue their drive-along training.

18. On average, during the entirety of Schneider's orientation and training program, Plaintiff and the Collective Members work from 6:30 a.m. until 8:00 p.m. for six to seven days each week.

19. At all relevant times, Schneider had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and

4

the Collective Members' employment with Schneider. The decision to pay Plaintiff and the Collective Members a flat daily rate, as opposed an hourly wage, and thereby fail to pay them all minimum and overtime wages required by the FLSA was made by Schneider and the corresponding reduction in labor costs and increase in profits was enjoyed by Schneider. As such, Schneider is Plaintiff's and the Collective Members' "employer" under the FLSA and is subject to liability under the FLSA.

20. At all material times, Plaintiff and the Class and Collective Members were employees of Schneider as defined by the FLSA, 29 U.S.C. § 203(e)(1).

21. At all material times, Plaintiff and the Class and Collective Members were a non-exempt employees under 29 U.S.C. § 213(a)(1).

22. Plaintiff has given his written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

23. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated who are current or former Drivers, including but not limited to current or former Drivers who agree in writing to join this action seeking recovery under the FLSA.

24. Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated current and former employees of Schneider–specifically, current and former Drivers who Schneider paid a flat per day rate as part of their orientation and training program.

25. Plaintiff and the Collective Members, in their work for Schneider, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## COLLECTIVE ACTION ALLEGATIONS

5

26. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

27. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as a representative of individuals similarly situated who are current or former Drivers employed by Schneider.

28. Schneider subjected all of their Drivers, including Plaintiff and the Collective Members, to their policy a flat daily rate as opposed to an hourly wage, and therefore failing to pay Plaintiff and the Collective Members all minimum wages and overtime wages required by 29 U.S.C. §§ 206(a) and 207(a).

29. At all times material, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Schneider's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of requiring Plaintiff and the Collective Members to complete required orientation and training tasks while paying them a flat daily rate, and a result, failing to pay Plaintiff and the Collective Members all minimum wages and overtime wages required by 29 U.S.C. §§ 206(a) and 207(a).

30. Plaintiff's claims stated in this Complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

31. The Collective Members perform or have performed the same or similar work as Plaintiff.

32. Schneider's failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Plaintiff or the Collective Members.

33. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Schneider that caused harm to all of the Collective Members.

34. As such, Plaintiff brings his FLSA minimum wage and overtimes claim as a collective action on behalf of the following class:

> **All individuals who participated in Schneider's Driver orientation and training program while being paid a flat daily rate at any point from three years prior to the filing of this lawsuit to the present.**

35. Schneider's unlawful conduct, as described herein, is pursuant to their corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

36. Schneider was aware or should have been aware that federal law prohibited them from not paying their Drivers a flat daily rate that would not pay their Drivers all minimum and overtime wages as required by the FLSA.

37. Schneider's unlawful conduct has been widespread, repeated, and consistent.

38. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

39. Upon information and belief, the individuals similarly situated to Plaintiff includes thousands, of Drivers currently and/or formerly employed by Schneider. Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in

7

Schneider's possession, custody, or control, but it can be readily ascertained from their employment records.

40. Notice can be provided to the Collective Members by First Class Mail to the last address known to Schneider, via email at the last known email address known to Schneider, and by text message to the last known telephone number known to Schneider and by workplace posting at each of Schneider's offices and facilities.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE AND/OR REFUSAL TO PAY MINIMUM WAGE

41. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

42. As a consequence of electing to pay its Drivers a flat rate of $80 per day during orientation and training, Schneider cannot require its Drivers to work more than eleven hours per day on average of the course of any given workweek without falling below the $7.25 per hour minimum wage mandated by the FLSA ($80.00 per day / $7.25 per hour = 11.03 hours).

43. During the entirety of Plaintiff's and the Collective Members' time working in Schneider's orientation and training program, Plaintiff and the Collective Members worked in excess of 11.03 hours per day on average over the course of any given workweek.

44. During the entirety of Plaintiff's and the Collective Member's time working in Schneider's orientation and training program, Plaintiff and the Collective Members worked an average of approximately 13.5 hours per day over the course of any given workweek.

45. During the entirety of Plaintiff's and the Collective Member's time working in Schneider's orientation and training program, Plaintiff and the Collective Members were paid a flat rate of $80.00 per day.

46. For example, in the week beginning May 2, 2021, Plaintiff worked all seven (7) days of the week and was compensated at a rate of $80.00 per day for a total weekly pay of $560.00. (*See* Electronic Payment Statement attached hereto as "**Exhibit B**"). Plaintiff worked on average, at least 13.5 hours per day during that week for a total of no less than 94.5 hours. As such, Schneider compensated Plaintiff no more than $5.93 per hour worked that week.

47. As a result of Schneider's policy, Schneider failed to compensate Plaintiff and the Collective Members at least the federally required minimum wage for all hours worked during Plaintiff's and the Collective Members' time spent in Schneider's orientation and training program.

48. As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members the minimum wage for all hours worked as required by 29 U.S.C. § 206.

49. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their time spent in Schneider's orientation and training program, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

50. Schneider knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their orientation and training program would violate the FLSA, and Schneider was aware of the FLSA's minimum wage requirements. As such, Schneider's conduct constitutes a willful violation of the FLSA.

9

Case 1:21-cv-00836-WCG   Filed 07/09/21   Page 9 of 15   Document 1

51. As a result of Schneider's failure or refusal to pay Plaintiff and the Collective Members the minimum wage for all hours worked in Schneider's orientation and training program, Schneider violated 29 U.S.C. § 206(a). Plaintiff and the Collective Members are therefore entitled to compensation of the minimum wage shortfall over the course of Schneider's orientation and training program, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE AND/OR REFUSAL TO PAY

52. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

53. The purpose of Schneider's immersive orientation and training program is to prepare Plaintiff and the Collective Members to become part of Schneider's fleet of CDL drivers. Schneider's orientation and training program is designed to prevent Plaintiff and the Collective Members from affecting the safety of operation of motor vehicles in transportation on public highways.

54. At the onset of Schneider's orientation and training program, Plaintiff and the Collective Members spend approximately three (3) full weeks at Schneider's dedicated training facilities. During this first three weeks, Plaintiff and the Collective Members are required to complete rigorous coursework, study course materials, prepare for quizzes and tests, and earn passing grades on the same. Plaintiff and the Collective Members do not affect the safety of operation of motor vehicles in transportation on public highways during this time.

55. During the first three weeks of Plaintiff and the Collective Members' orientation and training work well in excess of forty (40) hours per week, but Schneider does not Plaintiff and the Collective Members an overtime rate of one-and-one-half their regular rate of pay for

their hours spent working in excess of forty (40) hours per week. Instead, Schneider continues to pay Plaintiff and the Collective Members a flat daily rate of $80.00 per day.

56. For example, in the week beginning May 2, 2021, Plaintiff worked all seven (7) days of the week and was compensated at a rate of $80.00 per day for a total weekly pay of $560.00. (*See* "Exhibit B" attached hereto). Plaintiff worked on average, at least 13.5 hours per day during that week for a total of no less than 94.5 hours. However, Schneider failed to pay Plaintiff a rate of one-and-one-half Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours that week.

57. Plaintiff and the Collective Members do not leave the extensive coursework at Schneider's dedicated training facility until approximately the fourth week of the orientation and training program. At this point, Schneider's orientation and training program shifts from a classroom setting to a drive-along format whereby Plaintiff and the Collective Members are assigned to shadow an existing Schneider CDL driver. Plaintiff and the Collective Members do not affect the safety of operation of motor vehicles in transportation on public highways during this time.

58. Plaintiff and the Collective Members continue to work well in excess of forty (40) hours per week during their last three weeks of Schneider's orientation program. Plaintiff and the Collective Members continue to work, on average, from 6:30 a.m. until 8:00 p.m. However, Schneider continues to pay Plaintiff and the Collective Members the flat daily rate of $80.00 per day for the duration of the orientation and training program and Schneider does not pay Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for hours worked in excess of forty (40) hours in any given workweek at any point during Schneider's orientation and training program.

59. For example, in the week beginning May 16, 2021, Plaintiff worked all seven (7) days of the week and was compensated at a rate of $80.00 per day for a total weekly pay of $560.00. (*See* Electronic Payment Statement attached hereto as "**Exhibit C**"). Plaintiff worked on average, at least 13.5 hours per day during that week for a total of no less than 94.5 hours. However, Schneider failed to pay Plaintiff a rate of one-and-one-half Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours that week.

60. As a result Schneider has engaged in a widespread pattern and practice of violating the overtime requirements of 29 U.S.C. 207(a).

61. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

62. Schneider knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of the orientation and training program would violate the FLSA, and Schneider was aware of the FLSA's overtime wage requirements during Plaintiff's and the Collective Members' employment. As such, Schneider's conduct constitutes a willful violation of the FLSA.

63. As a result of Schneider's failure or refusal to pay Plaintiff and the Collective Members a wage equal to one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for work they performed for Schneider in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. 207(a). Plaintiff and the Collective Members are

therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus statutory damages and interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, Robert Johnson, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendant, Schneider National, Inc.:

A. For the Court to declare and find that the Defendant committed one or more of the following acts:

i. violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay proper minimum wages;

ii. willfully violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206;

iii. violated the overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages; and

iv. willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207;

B. For the Court to award damages in the amounts of all unpaid minimum and overtime wages due and owing to Plaintiff and the Collective Members;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b);

F.  For the Court to provide a reasonable incentive award for Plaintiff to compensate him for the time he spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

G.  Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs and the Collective Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: July 9, 2021

Respectfully submitted,

By: /s/ *James L. Simon*
James L. Simon
THE LAW OFFICES OF SIMON & SIMON
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 525-8890
Email: james@bswages.com

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (*pro hac vice* forthcoming)
Christopher J. Bendau (*pro hac vice* forthcoming)
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Telephone OH: (216) 395-4226
Email: cliff@bswages.com

s/ *Michael L. Fradin*
Michael L. Fradin, Esq. (*pro hac vice* forthcoming)
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889

14

Facsimile: 847-673-1228
Email: mike@fradinlaw.com